### The State v. R. C. Buie.

PERJURY—EVIDENCE.—When a conviction is sought on the trial of one charged with perjury on the testimony of one witness and corroborating evidence, the corroborating evidence must corroborate material testimony adduced by the State in support of the charge, and not testimony in regard to some distinct and immaterial matter.

APPEAL from Collin.   Tried below before the Hon. Silas Hare, Judge of Criminal District Court of McKinney.

R. C. Buie was tried and convicted in the Criminal District Court for the city of McKinney, for perjury, alleged to have been committed in an affidavit made by him in aid of an application for the continuance of a cause in which one Henry Buie was charged with murder.   The continuance was sought on account of the absence of Robert Anderson, a witness for the defense, for whom an attachment had issued.   That portion of the affidavit in regard to which perjury was charged is as follows: "Affiant, with the deputy sheriff, proceeded to the house of witness, Robert Anderson's father, where said witness resides, to wit, in Kaufman county, for the purpose of executing said attachment, and conveying said witness to the town of McKinney, but that they found Robert Anderson so ill that he could not be removed by any kind of conveyance. Affiant further says that the said deputy sheriff retained said writ of attachment, and did not return the same to affiant; that affiant then returned back to this court, where he arrived this morning about 8½ o'clock a. m.   Affiant further states that one Dr. McGee, who was the physician

attending on Robert Anderson, informed affiant that the said witness could not be removed."

The facts of the case, and so much of the lengthy charge as is material to a proper understanding of the opinion, will be found in it.

*Throckmorton, Brown & Brother*, for appellant, contended that the court committed error in instructing the jury to the effect that they might consider the falsity of the statement in the affidavit, as to what Dr. McGee said, "in so far as it may corroborate or substantiate the statements herein charged to be material," and in refusing to give a charge asked by the defendant, in substance, that the falsity of one charge could not be regarded in determining defendant's guilt or innocence upon another charge, citing Greenl. Ev., vol. 1, § 257; Rex *v.* Hughes, 1 C. & K., 519.

*George Clark, Attorney General,* for the State.

DEVINE, ASSOCIATE JUSTICE.—The defendant was convicted of perjury in having sworn falsely in an affidavit in aid of Henry Buie, for a continuance, in a case where Henry Buie stood charged with the crime of murder. Appellant, in the indictment in this case, was charged with having in said affidavit sworn falsely to his having gone with the sheriff of Kaufman county to the house of Garland Anderson, the father of Robert Anderson, a witness, for whom an attachment had issued from the Criminal District Court of McKinney county to compel the attendance of the witness, Robert Anderson, to give evidence in the cause wherein Henry Buie stood charged with murder, and with having sworn that the witness, Robert Anderson, was found by the sheriff of Kaufman county and himself to be "so ill that he could not be removed by any kind of conveyance," and with having further falsely stated in said affidavit "that one Dr. McGee,

who was the physician attending upon Robert Anderson, informed affiant that said witness could not be removed."

The six bills of exceptions taken by appellant, with the exception of the two last, are not considered material. No error is perceived in the admission of the matters in evidence referred to in exceptions numbered 1, 2, 3, and 4; the evidence was admitted evidently, and we believe properly, to show the materialty of the matter contained in the affidavit embracing the perjury charged.

The first assignment of error is that "the court erred in overruling motion to quash the indictment."

The indictment contained all the requirements of the statute, and fully apprised the defendant of all that he was required to defend against. There was no error in overruling the exceptions to the indictment.

The sixth assignment of error embraces exception number five, taken to the admitting in evidence, over the objections of defendant, the statements of Dr. McGee " that he was not at the time stated the attending physician of Robert Anderson, and that he did not tell defendant that said Robert Anderson was too sick to come from Kaufman county to the town of McKinney as a witness"— the grounds of the objection being that the facts to be shown by the witness were immaterial matters and irrelevant to the issue. The conversations with Dr. McGee, stated by witness in his affidavit, were immaterial matters, and their contradiction by the witness did not tend to prove the charge sought to be maintained by the State; they were not only immaterial to the issue and wholly irrelevant, but by showing defendant to have been guilty of this falsehood in his affidavit, had a strong tendency to lead the jury, in connection with other evidence, to a belief in appellant's guilt on the main issue.

The seventh assignment of error includes bill of exceptions number six to the alleged errors in the charge of the court. In paragraph number three of the charge to the

jury, the judge informed them that the statement of defendant going with the sheriff of Kaufman county to the house of Garland Anderson to serve an attachment to bring the witness, Robert Anderson, before the court, and the statement that the witness, Robert, was so ill that he could not be moved by any kind of conveyance, were material, and if falsely sworn to would constitute perjury as charged in the indictment; but that the statements of conversation by defendant with Dr. McGee were not of sufficient materialty, if false, to constitute, in this case, perjury, and then informed the jury that they could consider the truth or falsity of this immaterial conversation with McGee as corroborating evidence to prove the truth or falsity of the material statements in the affidavit charged as pending against defendant. In this the court erred. The corroborating evidence necessary to support a witness must be corroborative of the material evidence adduced by the State in support of the charge against the accused, and not evidence to an entirely distinct and immaterial matter.

The eleventh assignment of error, that "the verdict is contrary to law and to evidence, and is without evidence to support it," is sustained by an examination of the evidence.

Article 657 of the Code of Criminal Procedure (Paschal's Dig., art. 3122) declares that "in trials for perjuries no person can be convicted, except upon the testimony of two credible witnesses, or of one credible witness, with strong corroborating circumstances." Applying the rule to the evidence, the insufficiency of the evidence to support the verdict is manifest. The sole witness for the State to prove the false statement contained in the defendant's affidavit and considered material was Garland Anderson, father of the witness Robert, who had died about a year previous to the trial of this cause. Garland Anderson stated that defendant came on a Tuesday evening in March, 1871, to his house, in Kaufman county, with an

attachment for his son, Robert Anderson, who was required as a witness in the Criminal District Court, in McKinney, in Collin county, in the cause of the State against Henry Buie, charged with murder; that defendant remained until next morning, after breakfast; that witness's son Robert "was then in bad health, with liver disease, but was not confined to his bed; was up and down when defendant came, (on Tuesday evening;) stayed up until bed time, and was up again next morning and ate breakfast with the family, and then may have lain down Wednesday morning after breakfast. He told defendant he was not able to go to McKinney." This witness further stated that his son was under medical treatment, and following the prescriptions of Dr. McGee; that his son's "health was bad, and he had not been long out of bed from a week's spell of sickness."

Witness further stated that he gave a certificate to defendant, addressed to C. Buie, the father of Henry Buie, stating that Robert Anderson was sick.

This witness further stated he talked with defendant while at his house, and may have told him that Robert Anderson was sick, and had just got out of bed from a week's spell of sickness. He further stated that his son was not in such a condition that he might not have been conveyed to McKinney; that Robert was out in the field plowing with his father's team while his father went to the house for something, but was not doing regular work; that on Friday morning the sheriff came with an attachment for the witness Robert; that he gave bond and started to McKinney the next day, and witness lived forty-five or fifty miles from McKinney. Omitting the immaterial statements of Dr. McGee, the witness Garland Anderson, as already stated, is the only witness introduced by the State whose testimony tends to support the charge; and while this testimony is not of a conclusive character, his positive opinion as regards his son's ability to go in a

conveyance, being weakened to a great degree by the facts stated, and the certificate of his son's inability to travel on or about the 16th of March, 1871, given by him at that time to defendant, contrasts strongly with his evidence given three years and seven months after.

If we admit, however, of its being a full negation of the truthfulness of defendant's statement in his affidavit, another witness is still required, on "strong corroborating circumstances," to overcome the presumption of innocence; and the positive oath of the defendant, failing in discovering the testimony of another witness to prove the perjury as charged, we look for the corroborating circumstances, and we find one witness, E. King, who testified "that Robert Anderson stayed all night at his house, four miles south of McKinney, in the latter part of the winter or spring of 1871, on his way to McKinney court; it was on Saturday night; Anderson seemed to be well." "E. L. King, a witness for the State, testified that Robert Anderson stayed all night at his house in the winter or spring of 1871, on his way back from court at McKinney; it was on Sunday night; witness lived about four miles south from McKinney;  *  *  *  Robert Anderson seemed to be well."

I. M. Benge, district clerk, "stated that on the Sunday morning after the Tuesday that defendant made the affidavit before him in March, 1871, he met Robert Anderson riding a mule on the road between McKinney and witness's house, about half a mile west of McKinney; Robert Anderson was looking pale as if he had been sick."

Omitting the evidence for defendant, which is strongly contradictory of the witness, Garland, as regarded his son's health, we do not find in the statements of the last three witnesses those strong corroborating circumstances which the code requires to support the evidence of the only witness to the falsehood of the material allegation, viz: the inability to move the invalid witness by any kind of con-

veyance.   Being seen riding to court under the pressure of an attachment and bond as a witness, five or six days after he was said to be unable to bear the journey in any kind of conveyance, is not sufficient to meet those demands of the code, which require not only the direct testimony of two credible witnesses, or one credible witness and "strong corroborating circumstances;" and particularly so when the statements of the witness for the State, nearly four years after the transaction, are not consistent with the statements made by him at the date of the alleged perjury.   We are of opinion that the court should have sustained the motion for. a new trial; and for this, and in admitting the evidence of Dr. McGee, as well as the error in the charge to the jury, the judgment is reversed and the cause is remanded.

REVERSED AND REMANDED.